## 10038

### STATE v. WILLIAMS.

#### (96 S. E. 404.)

1. CRIMINAL LAW — APPEAL — DISCRETION OF COURT — EVIDENCE.—The admission of a statement of accused as a part of the *res gestae* is largely a matter addressed to the discretion of the trial Judge, and no manifest error is shown when a statement ruled to be incompetent is not stricken out.

2. HOMICIDE—HARMLESS ERROR—INSTRUCTIONS.—Error in charging the difference between the premeditation of murder and the sudden impulse of manslaughter, to the effect that the killing on the spur of the moment without a previously formed purpose is not murder, but is unlawful, is in defendant's favor.

3. HOMICIDE—HARMLESS ERROR—INSTRUCTIONS.—A charge that, if one can reasonably get away without adding to his danger, he must do it, was not reversible error, where there was no testimony from which the duty to retreat could have been inferred.

4. HOMICIDE—HARMLESS ERROR.—One found guilty of manslaughter with recommendation to mercy, and sentenced to the minimum of two years' imprisonment, could not complain of the Court's statement that the jury had nothing to do with the punishment for a less term than two years, but that they could recommend mercy.

5. CRIMINAL LAW—PROVINCE OF COURT AND JURY—INSTRUCTIONS.—The Court's statement to the jury, "You can find him guilty of manslaughter, with recommendation to mercy; that is with you," is not objectionable as a charge on the facts.

Before BOWMAN, J., Anderson, Fall term, 1917. Affirmed.

J. R. Williams awas convicted of manslaughter, and he appeals.

*Messrs. Green & Earle* and *C. L. Blease,* for appellant, cite: *As to exclusion of testimony as to declaration made by defendant shortly after the homicde:* 107 S. C. 275. *As to the necessity of retreat:* 85 S. C. 241; 90 S. C. 290; McClain on Commercial Law, sec. 311; 66 S. C. 473; 10 R. C. L. 872. *As to charge upon facts:* Constitution of 1895, art. V, sec. 26.

*Mr. Solicitor Kurtz P. Smith* and *Messrs. Watkins & Prince,* for State-respondent, cite: *As to the exclusion of statement of defendant:* 68 S. C. 310; 83 S. C. 477; 76 S. C. 92; 68 S. C. 277; 56 S. C. 369; 103 S. C. 320.

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant's statement is:

"The defendant was indicted in the Court of General Sessions for the murder of V. Barnes Wilson on May 24, 1917. The case was tried at the September term, 1917, before Judge I. W. Bowman, and a jury. After several hours' deliberation the jury returned a verdict: 'Guilty of manslaughter, with highest mercy of the Court.' The defendant was sentenced to two years imprisonment at hard labor in the State penitentiary or upon the public works of Anderson county."

From this verdict, sentence and judgment defendant appeals on five exceptions. These exceptions will be considered in their order.

1. The first error complained of is that his Honor ruled that a statement made by the defendant on the night of the homicide was inadmissible. The defendant wanted the statement in, and the State objected. His Honor said: "Don't tell that." The witness had already said it, and, while it was held to be incompetent, it was not stricken out. The appellant got all the advantage of the statement. The appellant claims that the statement was a part of the *res gestae.* That is largely a matter addressed to the discretion of the trial Judge, and no manifest error has been shown. This exception is overruled.

2. The second allegation of error is that his Honor charged the jury: "Where a person kills another one upon the spur of the moment, as it were, without having made up his mind beforehand, without having previously formed the purpose, the determination, the law says that it is not murder, but that it is unlawful, and the man who does it must be punished."

This exception cannot be sustained. The trial Judge was charging the difference between the premeditation of murder and the sudden impulse of manslaughter. Inasmuch as malice may be formed in a very short time, it is manifest that the error was in favor of the defendant.

3. The third allegation of error is: "But if he can reasonably get away, without adding to his danger, the law says he must do it."

The only witness who undertook to detail the immediate circumstances of the killing was the defendant himself, and he testified: "When we got to the gate, Wilson grabbed me. I slung him loose from me, and then Curran grabbed me. I finally jerked loose from him, and started to the car, and met Wilson again. He grabbed me and says, '—— —— you, Jim Williams, you can't do me and Curran that way.' I saw that he was mad, and begged him not to scuffle with me. We were scuffling, and in a few seconds Curran grabbed me and kicked me three times. All three of us fell in a pile, Curran grabbing me in the collar. I pulled his hand out of my collar, and in doing so it pulled off his ring. He fell across my right arm, holding it. Wilson grabbed me around the neck and had me practically choked to death. I realized that he would choke me to death, and that there was no other way to protect myself than to shoot, which I did."

In order for the error to be considered reversible error, it must in some way have been calculated to mislead the jury. There is no testimony in the case from which the duty to retreat could have been inferred. If the jury believed the

only testimony in the case upon that subject, retreat was impossible.

4. The fourth allegation of error is a question by a juror: "Q. Can we find him guilty of manslaughter with less than two years? By the Court: No, no; you haven't got a thing to do with that. You can find him guilty of manslaughter, with recommendation to mercy; that is with you."

His Honor had already told the jury that two years was the minimum. After what had been told the jury, the statement simply means:. "No, you have nothing to do with a punishment for manslaughter for a less term than two years."

His Honor told the jury he would respect their recommendation to mercy, and did respect it.

5. The last assignment of error is in the last sentence of his statement to the jury: "You can find him guilty of manslaughter with recommendation to mercy; that is with you."

If his Honor had told the jury they could find the defendant guilty of manslaughter, this would have been a charge on the facts, as appellant claims. Appellant cannot complain that the last word stated the lightest view of his crime, if indeed, it was a crime, and that was left to the jury.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE GAGE did not sit.